**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN D. GLEASON,

    Plaintiff,

v.                                                    Case Nos. 17-12544; 17-12816

WOODS CONDOMINIUM ASSOCIATION,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, SUSTAINING IN PART PLAINTIFF'S OBJECTIONS, GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM**

Plaintiff filed two pro se actions against Defendant, the property management company of Plaintiff's condominium association, related to Plaintiff's living conditions and requests for accommodations. The court consolidated both into the instant action. These complaints are the latest in a decades-old dispute between the parties. Plaintiff, a disabled individual who alleges that he is entirely homebound, claims that Defendant has continually failed to implement his requests for reasonable accommodations and abide by the terms of a 2015 settlement agreement involving restrictions on Defendant's use of landscaping equipment near Plaintiff's condominium unit. Here, Plaintiff's claims relate to these landscaping accommodations and a fly infestation in a neighboring unit. Construing the pro se complaints liberally, Plaintiff appears to assert four claims: (1) breach of contract related to 2015 settlement,[1] (2) request for reasonable

---

[1] Although Plaintiff generally classifies all of his claims under the FHA, the claim is properly cast as a breach of contract action.

accommodation under the Fair Housing Act ("FHA") related to Defendant's use of landscaping equipment, (3) request for accommodation under the FHA related to a fly infestation, and (4) retaliation under the FHA. Defendant filed a motion for summary judgment (ECF No. 37), which the court referred to Magistrate Judge Whalen for a report and recommendation ("R&R"). (ECF No. 42.)

The Magistrate Judge issued an R&R recommending that the court grant Defendant's motion for summary judgment on all of Plaintiff's claims. (ECF No. 46.) Plaintiff filed timely objections to the R&R. (ECF No. 47.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will adopt the R&R in part, sustain Plaintiff's objections in part as they relate to his breach of contract claim, and grant Defendant's motion for summary judgment in part on Plaintiff's FHA claims.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an

earlier unsuccessful motion or response brief. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

### A. FHA Landscaping Accommodation Claims: Objections #1 and #6

Plaintiff asserts that the Magistrate Judge erred in applying the doctrine of res judicata to Plaintiff's landscaping accommodation claims. Specifically, Plaintiff argues that res judicata does not apply to his requests for additional accommodations nor to his allegations of continuing breach of the parties' 2015 settlement agreement.

Res judicata applies when: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Minicuci v. Scientific Data Mgt., Inc.*, 620 N.W.2d 657 (Mich. Ct. App. 2000). Plaintiff does not dispute that the parties' earlier litigation, which resulted in the 2015 settlement agreement, satisfies the first two elements. Instead, Plaintiff contends that his need for the accommodations he now requests did not exist at the time of the earlier litigation. (ECF No. 47, PageID 735.) The court disagrees.

Plaintiff's present requests involve the same requests contemplated by the 2015 settlement—restrictions on Defendant's use of landscaping equipment intended to reduce the noise around Plaintiff's unit. The 2015 settlement represents the culmination

of a bargained for exchange between the parties. Now, unsatisfied with those original terms, Plaintiff seeks to impose additional restrictions of even greater severity. However, Plaintiff fails to allege that his request for these additional accommodations stems from new developments with his disability or changed circumstances—if that were the case, res judicata would not apply. *See In re Pardee*, 475 N.W.2d 870, 874 (Mich. App. 1991) ("[R]es judicata should not be a bar to . . . proceedings where new facts and changed circumstances alter the status quo."). It is both unseemly and unavailing to seek additional accommodations now. Plaintiff's obvious present dissatisfaction with the 2015 deal is not sufficient to overcome the application of res judicata. The limitations of the agreed-to restrictions could have been anticipated at the time of the earlier ligation. *See Prawdzik v. Heidema Bros., Inc.*, 89 N.W.2d 523, 527 (Mich. 1958) ("A disappointed or remorseful litigant cannot, by simply alleging new facts which were, or could have been, known to him at the time of prior litigation, have another day in court, and thereafter . . . still another."). Because the court finds that Plaintiff's requests for additional accommodation are precluded by res judicata, Plaintiff's final objection related to the reasonableness of such requests is moot.

Although res judicata applies to Plaintiff's requests for additional accommodations, the court does not find that res judicata applies to Plaintiff's breach of contract claim. Both the Magistrate Judge and Defendant mention in passing that Defendant substantially complied with the provisions of the 2015 settlement. (ECF No. 46, PageID 726; ECF No. 48, PageID 745.) However, substantial compliance is a defense to a breach of contract action, not a basis for applying res judicata. *See Geno Enterprises, Inc. v. Newstar Energy USA, Inc.*, No. 232777, 2003 WL 21299926, at *4

(Mich. Ct. App. June 5, 2003) (generally describing the contract defense of substantial compliance). The court is persuaded that the alleged breaches constitute a cause of action separate from the claims giving rise to the 2015 settlement agreement and that res judicata does not apply. *See Jones v. Westminster*, LLC, No. 334447, 2018 WL 2370634, at *5 (Mich. Ct. App. May 24, 2018) ("[T]he fact that plaintiffs suffered additional damages, standing alone, does not entitle them to pursue a second claim. Rather, the fact that defendants committed subsequent breaches of the parties' contracts does give rise to a claim."). The court makes no finding regarding the likely success of Plaintiff's claim.

Accordingly, the court will sustain in part Plaintiff's first objection. An alleged breach of the 2015 settlement constitutes a generic, state law, breach of contract claim. *See generally Stockdale v. Helper*, No. 3:17-CV-0241, 2017 WL 3503243, at *7 (M.D. Tenn. Aug. 16, 2017) (dismissing without prejudice state law claim for breach of a settlement agreement). As explained later in this order, the court will decline to exercise supplemental jurisdiction over this state law claim in the absence of any surviving federal claim.

### D. FHA Fly Infestation Claim: Objections #2 and #4

Plaintiff raises two objections related to the Magistrate Judge's analysis involving Plaintiff's FHA claim based on a fly infestation in 2015. The Magistrate Judge concluded that Plaintiff's proposed accommodations related to the infestation did not arise from his handicap because all residents, not only disabled individuals, would be negatively impacted by such an alleged infestation. (ECF. No 46, PageID 730.) Plaintiff argues that this analysis misconstrues "which disability effect is at issue regarding the flies," and

asserts that his extreme physical immobility, not his noise sensitivity, made him more susceptible to the effects of the infestation. (ECF No. 47, PageID 736.) Regardless of the disability on which Plaintiff bases this claim, his argument misses the point. The court agrees with the Magistrate Judge that any resident in Plaintiff's situation would be negatively impacted by an infestation. Plaintiff's allegation that he experienced such effects more strongly is not sufficent to state a claim under the FHA because the FHA governs accommodation requests that "address the needs created by [a claimant's] handicaps." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008). The need for extermination did not arise from Plaintiff's handicaps so his claims are not actionable under the FHA. Defendant is entitled to summary judgment on this claim.

Plaintiff also challenges the Magistrate Judge's proposed finding that the fly infestation claim is moot based on Plaintiff's representations that the fly infestation "may no longer exist." (Case No. 17-12816, ECF No. 1, PageID 11.) The court need not belabor this issue since Plaintiff's claim cannot survive summary judgment.

### C. Retaliation Claim Objections: Objection #3 and #5

Plaintiff next argues that the Magistrate Judge incorrectly stated the date on which his complaint was filed. A valid—but insignificant—observation. Plaintiff identifies an error that entitles him to no relief. The Magistrate Judge ultimately rejected Plaintiff's FHA retaliation claim because Plaintiff failed to demonstrate that Defendant's alleged retaliatory conduct was motivated by discriminatory animus or that Defendant's actions bore a causal connection to a protected right under the FHA. (ECF No. 46, PageID 728.) Plaintiff does not address this portion of the Magistrate Judge's analysis. The

court finds that the Magistrate Judge's analysis is a correct statement of law and will overrule Plaintiff's objections.

### III. CONCLUSION

For the reasons stated above, the court agrees with the Magistrate Judge's proposed findings that Defendant is entitled to summary judgment on Plaintiff's FHA accommodation and retaliation claims. As to those claims, the court overrules Plaintiff's objections, adopts the R&R, and grants summary judgment for Defendant. The court sustains Plaintiff's objection related to breaches of the 2015 settlement agreement. However, in the absence of any surviving federal claim, the court declines to exercise supplemental jurisdiction over the state law contract action. *See Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)) ("A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction."). Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 46) is ADOPTED IN PART and Plaintiff's objections (ECF No. 47) are SUSTAINED IN PART. Plaintiff's objections are sustained only as they related to his breach of contract claim.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (ECF No. 37) is GRANTED IN PART as to Plaintiff's FHA claims and DENIED as to Plaintiff's breach of contract claim. The court DECLINES to exercise supplemental jurisdiction over the breach of contract claim.

This order concludes the court's involvement in this case. Should Plaintiff wish to pursue his breach of contract claim, he must do so in state court.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: March 26, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2019, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\17-11590.FHA.adopt.R&R.HEK.docx